UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

THOMAS E. MILES,

                      Plaintiff,

    -against-

THE CITY OF NEW YORK,
NYPD OFFICER SEAN AMAN,
NYPD OFFICER KEVIN BUTT,
NYPD OFFICER CYNTHIA ACERA,
DR. SUSI VASSALLO (MD),
EMT ADAM VASQUEZ,
NYDOC CAPT. WILLIAM SMITH,
NYCOD CAPT. MANUEL GONZALEZ,
JOSEPH McCREEDY,
NYCOD OFFICER DUANE GROCE

---------------------------------------------------------------X

Index No.: 14-cv-09302 (VSB)

2nd **AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/16
```

Plaintiff THOMAS E. MILES, Pro-Se, complaining of the defendants, THE CITY OF NEW YORK, NYPD OFFICER SEAN AMAN, NYPD OFFICER KEVIN BUTT, NYPD OFFICER CYNTHIA ACERA, DR. SUSI VASSALLO (MD), EMT ADAM VASQUEZ, NYDOC CAPT. WILLIAM SMITH, NYCOD CAPT. MANUEL GONZALEZ, JOSEPH McCREEDY, NYCOD OFFICER DUANE GROCE, alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action at law to redress the deprivation and violation of Plaintiff THOMAS E. MILES' Civil Rights as guaranteed by the Constitution of the United States of America as stated unequivocally by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to said Constitution and by 42 U.S.C § 1983. This is also an action at law to redress the grievous physical injuries, mental injuries, pain and suffering, permanent physical and mental disabilities, loss of wages and loss of opportunity to earn wages sustained by Plaintiff THOMAS E. MILES as a result of the intentional, malicious, and reckless acts of Defendant CITY OF NEW YORK through some of its Police Officers, Correction Officers, Medical Care Providers, and other of its agents.

## JURISDICTION

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal Law, and by 28 U.S.C. § 1343(a)(3), this being an action to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges, and immunities secured to Plaintiff THOMAS E. MILES by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution, and by 42 U.S.C. § 1983.

## **VENUE**

3. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

4. Plaintiff THOMAS E. MILES, respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b) and pursuant to this Honorable Court's order issued by U.S.D.J. Vernon S. Brodderick on January 26, 2015.

## **PARTIES**

5. Plaintiff THOMAS E. MILES is a 53-year-old white male, a natural born citizen of the United States of America, and currently resides at 85-36 150 Street Jamaica, NY 11435.

6. The individually named Defendants are specifically identified as follows:

NYPD OFFICER SEAN AMAN, Shield 29975, Police Service Area 5, 221 East 123rd Street New York, NY 1002

NYPD OFFICER KEVIN BUTT, Shield 8916, Resigned (to be served at 100 Church Street New York, NY 10007)

NYPD OFFICER CYNTHIA ACERA, Sheild 20743, NYPD Legal Bureau One Police Plaza, Room 1406 New York, NY 10038

DR. SUSI VASSALLO (MD), 462 1st Avenue New York, NY 10016

EMT ADAM VASQUEZ, Shield 3414, NYCFD CDLS Unit 9 metro Tech Center, Brooklyn, NY11201

NYDOC CAPT. WILLIAM SMITH, Shield 1014, Manhattan Detention Complex 125 White Street New York, NNY 10013

NYCOD CAPT. MANUEL GONZALEZ, Retired, Shield unknown, Address Unknown

JOSEPH McCREEDY, Corizon Correctional Health Corporation 49-04 19th Avenue, Astoria, NY 11105

NYCOD OFFICER DUANE GROCE, Shield 11474, Manhattan Detention Complex 125 White Street New York, NY 10013

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and within the jurisdiction of this Court and was the employer of the individual Defendants and is liable under the common law agency rule for the actions of the individual Defendants complained of herein.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), the New York City Department of Correction (hereinafter referred to as "NYDOC"), the New York City Health and Hospital Corporation (hereinafter referred to as "NYCHHC") that includes but is not limited to maintaining Bellevue Hospital (hereinafter referred to as "Bellevue"), the New York City Department of Health and Mental Hygiene (hereinafter referred to as "NYCDHMH") that includes but is not limited to maintaining the Corizon Correctional Health Corporation of Brentwood, TN that was responsible for providing and administering health care to inmates and detainees at, but not limited to, the Manhattan Detention Complex and the Rikers Island Jail Complex; all duly authorized Public Authorities and/or Police Department, Correction Department, and Public Hospital as per applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, NYPD OFFICER SEAN AMAN, NYPD OFFICER KEVIN BUTT, NYPD OFFICER CYNTHIA ACERA, DR. SUSI VASSALLO (MD), EMT ADAM VASQUEZ, NYDOC CAPT. WILLIAM SMITH, NYCOD CAPT. MANUEL GONZALEZ, JOSEPH McCREEDY, NYCOD OFFICER DUANE GROCE, were duly sworn Police Officers and/or Correction Officers, and/or Licensed Medical Doctor, and/or Licensed EMT, and/or Licensed Physician's Assistant, and were acting under the supervision of their said department(s) and according to their official duties.

10. That at all times hereinafter mentioned the Defendants, either personally or through their employers, were acting under color of Federal and State Law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the United States under the Constitution and the U.S.C., the State of New York, and the City of New York

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Each of and all of the acts of the Defendants alleged herein were done by said Defendants while acting under color of law and within the scope of their employment by or through, as an agent of defendant CITY OF NEW YORK.

12. On December 5th, 2011 at approximately 04:30 PM Plaintiff THOMAS E. MILES had just dismounted his bicycle on or near 160 Broadway New York, NY in order to safely negotiate the crowded holiday foot traffic of the sidewalk and was walking his bicycle Northbound on the East side of the street.

13. Plaintiff was wearing a bicycle helmet with a headlamp attached to the top of the helmet. The headlamp was on and in the flash/strobe mode for safety.

14. Plaintiff was solicited for money by two panhandlers. Curious about the recent "Occupy Wall Street" protests Plaintiff parked his bike and engaged in brief conversation with the two panhandlers.

15. Plaintiff inquired of the two panhandlers if they were part of the "Occupy Wall Street" movement, and protest demonstrations.

16. A vulgar shouting match ensued as the panhandlers became threatening and aggressive to Plaintiff and someone called 911.

17. Before the arrival of any Police on the scene Plaintiff disengaged himself from the two panhandlers and turned to resume walking his bicycle up the street.

18. Plaintiff was making no effort to flee the scene nor was he in any way attempting to be elusive for any reason. Plaintiff had no reason to believe he was being sought or pursued and in fact as described above was walking a bicycle and was wearing a flashing light on his head.

19. As Plaintiff was just beginning to walk his bicycle away from the said brief encounter with his back to the scene of said encounter NYPD Officer Sean Aman, without warning or identifying himself as a police Officer, tackled Plaintiff from behind by jumping on Plaintiff's back and driving him face-down into the sidewalk.

20. Immediately thereafter, while Plaintiff lay dazed and semi-conscious, splayed, prone, face-down on the sidewalk Defendant NYPD Officer Sean Aman did with great force smash his knee down onto Plaintiff's lower back area just near Plaintiff's buttocks such that Plaintiff's pelvis was fractured in four separate places and also to cause damage to Plaintiff's lower vertebrae, spinal disc tissue and nerve tissue.

21. Plaintiff subsequently lost control of his bladder at the shock and pain of the severe injuries he had just sustained and urinated himself soaking his clothing in his urine.

22. Plaintiff was placed under arrest, handcuffed and put into a sitting position on the side walk by Defendant NYPD Officer Sean Aman.

23. Plaintiff gave forth no resistance to his arrest nor was Plaintiff ever charged with resisting arrest.

24. Plaintiff complained to Defendant NYPD Sean Amon of extreme pain and Plaintiff stated he could not stand up on his feet, nor tolerate the pain of sitting on the sidewalk and requested that the Defendant call an ambulance.

25. Defendant NYPD Sean Aman responded to Plaintiff's requests for an ambulance and Plaintiff's complaints of extreme pain with the approximate words, "Shut da fuck-up and stand up! Your ass is going to jail!"

26. Defendant NYPD Sean Aman then proceeded to pull Plaintiff up from the ground by lifting Plaintiff's handcuffed arms up behind his back causing Plaintiff's arms to approach dislocation at the shoulder joints causing further, extreme pain that was in addition to and compounded by Plaintiff's pelvic fractures and spinal disc and nerve injuries.

27. Upon being wrenched upwards to his feet by Defendant, Plaintiff was incapable of gaining his feet nor able to stand-up at all. Defendant then pushed Plaintiff back to the ground saying the approximate words," Fuck you then, go ahead and sit there –your ass is still going to jail." Where upon Plaintiff tumbled to the sidewalk thus exacerbating his injuries and pain.

28. At that time Defendants NYPD Officer Kevin Butts and his partner NYPD Officer Cynthia Acero arrived on the scene ostensibly to bring Plaintiff to their Precinct house for arrest and processing.

29. Plaintiff repeated his complaints of extreme, severe pain and repeated his requests for an ambulance to Defendants NYPD Officer Kevin Butts and NYPD Officer Cynthia Acero to no avail. Defendants refused to call an ambulance for the Plaintiff.

30. Subsequently Defendants Butts and Acero with the assistance of Defendant Aman and other NYPD officers that were at the scene (but herein un-named) did physically, drag Plaintiff in hand cuffs across the sidewalk to the street, while ignoring Plaintiffs cries of agony, and continuing to curse at Plaintiff and showing no regard whatsoever for Plaintiff's seriously injured condition and causing further extreme pain, in their attempt to place Plaintiff in their patrol car.

31. Plaintiff continued to plead for an ambulance but was denied his requests by Defendants.

32. In attempting to drag, push, shove and man-handle Plaintiff into their patrol car, and despite Plaintiff's clear inability to move his body without experiencing completely debilitating pain, Defendants discovered that Plaintiff had lost control of his bladder and Plaintiff's clothes were urine soaked.

33. At this discovery Defendants called an ambulance such that they would avoid the urine soaked clothes of the Plaintiff soiling their patrol car and, as is obvious to any reasonable person, not in response to the clear and unmistakable serious medical needs of Plaintiff of which Plaintiff was treated with deliberate indifference by the Defendants.

34. Plaintiff was finally transported, by EMS to Bellevue Hospital.

35. At Bellevue Hospital Plaintiff presented as non-ambulatory, complaining of severe pain in the left hip, lower back, and groin areas of his body.

36. Plaintiff was not examined by a Medical Dr. at Bellevue Hospital or at the very least made aware that a Medical Doctor had seen him or would do so.

37. Plaintiff had no knowing opportunity to fully and accurately describe and explain his condition to a Medical Doctor.

38. Plaintiff observed Defendants Butts and Acero consulting with an unknown staff member of Bellevue and shortly thereafter Plaintiff was x-rayed and then informed by Defendants Butts and Acero that the Medical Doctor on duty, Defendant Dr. Susi Vassallo, M.D. had determined that Plaintiff's x-ray's showed no injury.

39. Defendant Dr. Vassallo failed to inform Plaintiff of her diagnosis of plaintiff's condition; instead informed the arresting officer(s) Defendants Butts and Acero

40. Plaintiff requested to see, speak, and/or consult with the Defendant Medical Doctor that had made the determination that no injury of Plaintiff existed. Said requests were denied by Defendants Butts and Acero.

41. Defendant Dr. Vassallo failed to identify herself to Plaintiff. Defendant failed to carry out even a cursory examination or interview with Plaintiff. Defendant treated Plaintiff as a "second class citizen" by nature of Plaintiff's arrival to the hospital while under arrest and thus deliberately violated the Hippocratic Oath and thus deliberately deprived Plaintiff his right to adequate medical care and demonstrated a reprehensible level of deliberate indifference to Plaintiff's serious medical needs.

42. The clearly unethical, immoral and unlawful practices of Defendant Dr. Vassallo - those of maintaining bias and prejudice towards patients that are in police custody and as such and as resulted in Defendant deliberately failing to provide adequate medical care - is a direct and proximate cause of the injuries, pain and suffering sustained by Plaintiff.

43. Defendant Dr. Vassallo through deliberate indifference to Plaintiff's serious medical needs allowed Plaintiff - even after presenting as non-ambulatory - to be discharged from the hospital with no mechanical aid to ambulation ie crutches or a cane, and sent to General Population Jail housing without properly and/or adequately examining, and/or treating the four separate fractures of Plaintiff THOMAS E. MILES' pelvis, his damaged spinal dics his nerve damage, nor even his pain. Defendant Dr. Vassallo did not give Plaintiff even one Aspirin tablet.

44. Plaintiff was not hospitalized. Plaintiff should have been hospitalized.

45. Upon Plaintiff's unlawful discharged from Bellevue as described above Defendants Butt and Acero became even more emboldened in brutalizing Plaintiff.

46. Plaintiff, again while in handcuffs, was physically pushed, shoved and dragged from Bellevue outside to Defendants patrol car. After being pushed, dragged, and shoved to the ground multiple times by Defendants Plaintiff was shoved into the back of Defendants patrol car and Defendants grabbed Plaintiff's ankles and with great force rammed Plaintiff's legs up to his chest in order to shut door of patrol car causing further incalculable pain and suffering to Plaintiff.

47. While being transported to the Precinct House by Defendants Plaintiff continued to plead with Defendants to be returned to the Hospital and yet again was denied his pleadings and further was threatened by Defendants using the approximate words, "If you piss in this car we're gonna break your other leg too", which is unlawful and moreover proves Defendants knowledge and awareness of Plaintiff's serious injuries.

48. Plaintiff, while handcuffed, was again brutalized by Defendants Butt and Acero upon arrival at the precinct House.

49. Defendants again physically dragged handcuffed Plaintiff from the patrol car and dragged, pushed, and shoved Plaintiff to the ground numerous times while escorting Plaintiff inside the Precinct House further causing extreme pain and suffering to Plaintiff and further exacerbating Plaintiff's serious injuries.

50. At the Precinct House Plaintiff was placed in a holding cell and was left lying on the concrete floor for many hours and was refused any assistance to help him use the toilet resulting in Plaintiff urinating himself again in his clothes.

51. After being processed for his arrest at the precinct House Plaintiff was escorted by Defendants Butt and Acero, out of the Precinct House to Defendants patrol car for transport to Central Booking.

52. Defendants Butt and Acero brutalized handcuffed Plaintiff, again by dragging, pushing and, shoving Plaintiff to the ground while escorting Plaintiff to their patrol car and Defendants for a third time with excessive force did shove, stuff and man-handle plaintiff into the back seat of the patrol car in the same manner as on the other two occasions described previously herein including forcefully and brutally wrenching Plaintiff's legs into the patrol car again causing extreme pain and suffering and further exacerbating plaintiff's serious injuries.

53. Upon arrival at Central Booking 100 Centre Street New York, NY Defendants repeated their unlawful conduct against Plaintiff for a fourth time by again dragging, pushing and shoving hand cuffed Plaintiff to the ground while escorting Plaintiff from their patrol car into the Central Booking building.

54. Inside Central Booking Defendants, while escorting Plaintiff in handcuffs, found an abandoned office chair that had coaster wheels attached to it and placed Plaintiff in said chair and pushed Plaintiff down a long corridor inside Central Booking.

55. Defendants proceeded to shove with great speed Plaintiff seated in said chair and handcuffed down the long corridor while laughing berating and humiliating Plaintiff while shouting, "Wheeee! Wheee!"

56. As Plaintiff careened down said corridor while seated handcuffed in said chair one of the coaster wheels, that was broken, subsequently buckled under the chair causing Plaintiff to spill headlong from the chair and land on the concrete floor causing further extreme pain and suffering, shock, and humiliation, and exacerbation of Plaintiff's serious injuries.

57. At Central Booking Defendant EMT Adam Vasquez failed in his duty of care to Plaintiff by summarily dismissing Plaintiff's pleas to be returned to the Hospital and further and without even a cursory physical examination cleared Plaintiff for detention in the general Population of the Jail Complex.

58. Moreover Defendant EMT Vasquez threatened Plaintiff with "losing his paper work" should Plaintiff continue to ask to be returned to the hospital.

59. After being processed in Central Booking plaintiff was place in an egregiously over-crowded holding cell to await arraignment where upon Plaintiff was further brutalized by other detainees because Plaintiff was subjugated to laying on the floor due to his serious injuries and wreaking of urine.

60. Plaintiff's life was threatened by the other detainees in the holding cell and Plaintiff was kicked and spat upon by other detainees to wit of the supervising officers of the area yet these Officers failed to intervene.

61. Plaintiff was eventually arraigned and unable to post bail and was subsequently taken into the custody of the NYCOD where he was placed in another egregiously over-crowded holding cell in the MDC to await detainee status housing.

62. Plaintiff was again brutalized in the MDC holding cell by other detainees in the same barbaric manner as previously described herein; to wit of Defendant NYCOD Capt. William Smith and Defendant NYDOC Capt. Manuel Gonzales. Each of said Defendants failed in their duty of care to Plaintiff by ignoring or "turning a blind" to the abuse and brutalization of Plaintiff and failed to intervene.

63. Defendants NYCOD Capt. Gonzales and NYCOD Capt. Smith further ignored Plaintiff's plight and denied Plaintiff access to a functioning toilet as the toilet in the holding cell was broken. As a result of Defendants failure of duty of care Plaintiff was forced to urinate and defecate in his clothes.

64. In response to Plaintiffs requests of Defendant NYDOC Capt.William Smith to return Plaintiff to the hospital Defendant said in these approximate words, "Fuck you you stank-ass white mother fucker you ain't getttin' no special treatment for a white mother fucker", thus violating

Plaintiff's Constitutional Rights under the Fourteenth Amendment of the Constitution and the "Equal Protection" Clause.

65. Plaintiff's Fourteenth Amendment rights were also violated by Defendant NYDOC Capt. Manuel Gonzales when Defendant in response to Plaintiff's request to be returned to the hospital were met with these approximate words of Defendant, " White mother fuckers like you need to shut the fuck up or I'll lose your white ass in the system."

66. At the medical screening portion of the detainee housing process at the MDC, Plaintiff was seen and examined by Defendant Joseph McCreedy a Licensed Physician's Assistant. Whereupon Defendant through a mere cursory examination and despite the fact that Plaintiff was not ambulatory and despite the fact that Plaintiff's general appearance would shock the conscious of even a lay person having no medical training, Defendant McCreedy refused Plaintiff's pleadings to be returned to the hospital, and cleared Plaintiff for General Population housing.

67. Plaintiff was subsequently and repeatedly housed in upper tier and or lower tier cells such that Plaintiff was trapped in his cell for twenty four (24) hours per day because Plaintiff was unable to access any common areas of the jail house because Plaintiff could not, due to his fractured pelvis, negotiate the steps of the stairs to access the day room nor any other common areas.

68. After several weeks without any proper or adequate medical care Plaintiff was eventually seen by an orthopedic specialist and referred for an MRI of his pelvis and also referred to a urologist for Plaintiff's urinary dysfunction that resulted from his injuries.

69. Plaintiff received an MRI procedure and underwent an invasive procedure requiring a camera to be inserted through Plaintiff's penis in order to examine Planntiff's bladder in relation to Plaintiff's urinary dysfunction.

70. Plaintiff was transferred to Rikers Island George R. Vierno Center sometime in late January 2012.

71. On or about February 22, 2012 Plaintiff was summoned to the clinic at the GRVC whereupon he was informed by the Medical Doctor on duty that Plaintiff's MRI report indicated Plaintiff had sustained four fractures to his pelvis, damage to his, lower vertebrae, damage to his spinal disc tissue, nerve damage, and was still suffering from severe edema of the groin.

72. The Doctor while expressing his shock that plaintiff had sustained and suffered such serious and painful injuries and had not been hospitalized for his injuries, promised Plaintiff to arrange for a special van transport of Plaintiff directly to Bellevue for further examination and treatment the very next day.

73. The very next day, on or about February 23, 2012, Plaintiff was transferred from the GRVC to the C-76 Building of Rikers Island. This transfer was initiated at 04:00 AM of the day Plaintiff was to be taken to Bellevue on special transport and thus Plaintiff was never transported back to Bellevue as ordered by the aforementioned Medical Doctor.

74. On or about late March or early April of 2012 Plaintiff was, after over three (3) months without even a modicum of adequate medical care, examined by an orthopedic specialist with regard to the MRI results.

75. The orthopedic specialist referred Plaintiff for an examination by the neurologist to determine if physical therapy was indicated for Plaintiff and to determine whether physical therapy would or would not exacerbate Plaintiffs condition.

76. Plaintiff was never produced for his neurologist's appointment and therefore could not commence physical therapy.

77. On information and belief the neurologist suddenly quit his job at Rikers Island and no other alternative was provided Plaintiff to be examined by a neurologist as prescribed by the orthopedic specialist thus illustrating yet another abject failure by Defendants to provide Plaintiff adequate medical care.

78. The results of Plaintiff's aforementioned urology examination(s) did in fact rule out bladder dysfunction but not rule out nerve dysfunction so Plaintiff was prescribed medication for his urinary dysfunction.

79. Plaintiff also on numerous occasions did complain of diminished sensation of his genitalia, in particular his penis, to the urologist and the general clinicians of the medical clinic but the failure to provide Plaintiff with a neurologist negated any possible diagnosis or treatment for Plaintiff's diminished sensation of his genetalia. Plaintiff continues to suffer diminished sensation of his genetalia and continues to suffer from erectile dysfunction.

80. Among the many unnecessary hardships Plaintiff was forced to endure due to the deliberate indifference to Plaintiffs serious medical needs transportation was extremely painful by nature of being forced to travel in handcuffs on a cold prison transport bus and spending long hours lying on the cold concrete floors of the holding cells for at a minimum of ten (10) hours and often times up to twenty four (24) hours.

81. On one particular trip to Bellevue sometime in March of 2012 Plaintiff was scheduled for the wrong department and had to endure the transport process and all it entails as previously described all for naught and had to repeat the process the next day beginning at 04:00 AM and returning to his housing twenty (20) hours later.

82. Sometime on or about June of 2012 plaintiff was summoned to the intake area twice a week on a regular basis to be transferred to the West Facility medical area for physical therapy.

83. As aforementioned, Plaintiff was never cleared for physical therapy by the neurologist and was therefore coerced into signing medical refusal forms in order that he not be given improper medical treatment. Failure to "co-operate' and sign the refusal form was met with the punishment of being forced to stay in the holding pens of the intake area for the entire day even up to and over twenty four (24) hours where meals were often not provided, nor drinking water, nor functioning toilets, and due to the constant state of the over-crowded holding pens Plaintiff was forced to lay the entire time of his "punishment" on the cold, hard concrete floors.

84. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of defendant CITY OF NEW YORK, including but without limit to the hiring, retaining, training, and supervising of its employees.

85. The aforesaid events are NOT isolated incidents. Defendant CITY OF NEW YORK is aware, (from lawsuits, notices of claims, complaints filed with the NYPD Internal Affairs Bureau, the City of New York's Civilian Complaint Review board, United States Justice Department investigations, and countless investigative news media reports) that many NYPD Officers including the defendants are insufficiently trained regarding: making arrests, the use of force, and best practices regarding injury to members of the public, and that many Corrections Officers are insufficiently trained regarding use of force, duty of care to detainees and/or inmates and that there is a culture of protecting the malfeasance of their fellow Officers and that they engage in a widespread practice of falsification.

86. Defendant CITY OF NEW YORK is further aware that such improper training often resulted in a deprivation of civil rights, often causing serious injury even death. Despite such notice Defendant CITY OF NEW YORK has failed to take corrective action. Their failure caused every one of the Defendants, individually to violate Plaintiff THOMAS E. MILES' civil rights.

87. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware prior to the incidents chronicled herein, that the individual defendants lacked the objectivity, maturity, discretion, and disposition to be employed as Police officers, Correction Officers and Medical Care Practitioners and/or Providers. Despite such notice Defendant CITY OF NEW YORK retained these Officers and civilian employees and failed to adequately train and supervise them.

88. As a result of Defendant's actions Plaintiff THOMAS E. MILES was seriously and permanently injured physically, mentally, psychologically, and emotionally and continues to suffer physical pain, mental, psychological, and emotional pain, damage, and disorders. Plaintiff THOMAS E. MILES required and continues to require psychiatric treatment for depression, nightmares, chronic anxiety, acute panic attacks, attacks of paranoia, and inability to maintain normal personal relationships particularly with his wife and three (3) minor children.

89. Also as a result of Defendant's actions Plaintiff THOMAS E. MILES suffers permanent physical disability as declared by the United States Social Security Administration Department of

Disability Insurance Benefits and has lost any and all ability to enjoy the health and leisure activities that he once did including but not limited to skiing with his children, running, joining a softball league for example and among the plethora of activities Plaintiff is deprived of participating in that once were intracle components of Plaintiff's healthy and happy life.

90. Also, as a result of Defendant's actions Plaintiff THOMAS E. MILES has been deprived of his ability to earn wages now and in the future that would have allowed him to provide for his family in the manner in which they were accustomed and deserve thus causing financial hardship and mental, psychological, and emotional pain and suffering to him and his wife and three (3) minor children.

91. The actions of the Defendants complained of herein were done intentionally, maliciously, and in knowing violation of Plaintiff THOMAS E. MILES' Constitutional Rights. Thus Plaintiff THOMAS E. MILES is entitled to full and fair compensatory damages sufficient to compensate Plaintiff for the permanent, life changing damages directly and proximately caused by Defendants.

92. The actions of the Defendants complained of herein were done intentionally, maliciously, and in knowing violation of Plaintiff THOMAS E. MILES' Constitutional Rights. Thus Plaintiff THOMAS E. MILES is entitled to substantial punitive damages to punish the Defendants for their callous, reckless, and reprehensible action and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct.

## FIRST CAUSE OF ACTION
### (Deprivation of Rights 42 U.S.C. § 1983)

93. Plaintiff repeats and re-alleges paragraphs 1 through 92 with same force and effect as if fully set forth herein.

94. All of the aforementioned acts of the defendants, their agents, servants and employees were carried out under the color of State Law.

95. All of the aforementioned acts of the defendants deprived Plaintiff THOMAS E. MILES of the rights, privileges, immunities, guaranteed to citizens of the United States by the Constitution of the United states and were in violation of 42 U.S.C. § 1983

96. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Police Officers, Correction Officers, Medical service Practitioners and/or Providers with the entire actual and/or apparent authority attendant thereto.

97. Defendants individually and collectively while acting under the color of State Law engaged in conduct that constituted a custom, usage, practice, procedure or rule of law of the respective municipality/authority which is forbidden by the Constitution of the United States.

98. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Police Officers, Correction Officers, Medical Care Practitioners and/or Providers pursuant to the customs, usages, and practices, procedures, and the rules of the City of New York, the New York City Police department, the New York City Corrections Department, the New York City Health and Hospital Corporation, the New York City Department of Health and Mental Hygiene all under the supervision of ranking Officers of said Departments and hospital administrators.

99. As a direct and proximate cause of the acts of the Defendants, Plaintiff THOMAS E. MILES suffered the following Injuries and damages including but without limitation the following:

   (a) Excessive Use of Force Imposed Upon Him Resulting in:
      1. Broken Pelvis (Four (4) Fractures)
      2. Lower Vertebrae Damage
      3. Spinal Disc Tissue Damage
      4. Nerve Damage
      5. Urinary Dysfunction
      6. Erectile Dysfunction
      7. Severe Edema in Groin/Inner Thigh
      8. Physical Pain and Suffering
      9. Mental, Psychological, and Emotional Pain and Suffering
      10. Permanent Physical Disability
      11. Permanent Mental, Psychological, and Emotional Disability
      12. Chronic Physical Pain and Suffering in Perpetuity
      13. Chronic Mental, Psychological, and Emotional Pain and Suffering in Perpetuity
      14. Loss of Any Opportunity to Work and Earn Wages
      15. Permanent Diminution of Quality of Life
   (b) Cruel and Unusual Punishment by Nature of:
      1. Being Physically Brutalized by Being Dragged, Pushed, and Shoved to the Ground Repeatedly by Officers
      2. Being Mentally, Psychologically, and Emotionally Brutalized by Officers
      3. Deliberate Indifference to Plaintiff's Serious Medical Needs
      4. Failure to Provide Adequate Medical Care for Plaintiff's Serious Medical Needs
         i. Failure to Provide Adequate Pain Medication
         ii. Failure to Provide Adequate Medical Care in a Timely and Humane Manner
         iii. Failure to Adequately Examine and Diagnose Plaintiff
      5. Forcing Plaintiff to Wear Fetid Clothes Soiled by his own Urine and Feces for Three (3) days.
      6. Keeping Plaintiff in Over-Crowded Holding Pens for Extended Periods of Time.

7. Violating Plaintiffs Fourteenth Amendment Rights under the Equal Protection Clause by denying Plaintiff Equal Protection Under the Law Based on of Plaintiff's Race, Color, and/or National Origin.
8. Keeping Plaintiff in Holding Pens without Meals, Potable Water, nor Functioning Toilet/Sewage Facilities.
9. Using the Holding Pens as an Unlawful Method of Punishment of Plaintiff
10. Housing Plaintiff on Upper Tiers When Plaintiff was not Ambulatory Causing Plaintiff to be Trapped in His Cell and unable to Access the Day Room/Common Areas of the Jail.
11. Denial of Plaintiff's Pleadings for Hospitalization/Urgent Care
12. Placing Plaintiff in Over-Crowded Holding Pens
13. Plaintiff Being Subjected to Physical and Mental Injury by Other Detainees with the Full Knowledge of the Officers/Authorities that Failed to Intervene

100.    As a result of the foregoing Plaintiff THOMAS E. MILES is entitled to full and fair, generally compensatory damages in an amount sufficient to compensate him for his injuries, pain and suffering and the life changing, permanent injuries, pain and suffering he sustained and continues to sustain and is further entitled to substantial punitive damages against the Defendants, individually, and severally to punish the Defendants for their callous, reckless, and reprehensible action and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct plus where applicable, reasonable attorney's fees, costs, and disbursements of this action.

## SECOND CAUSE OF ACTION
### (Failure to Intervene; 42 U.S.C. § 1983)

101.    Plaintiff repeats and re-alleges paragraphs 1 through 100 with same force and effect as if fully set forth herein.

102.    Defendants had an affirmative duty to intervene on behalf of Plaintiff THOMAS E. MILES whose Constitutional Rights were being violated in their presence by other Police Officers, Correction Officers and Licensed Medical Practitioners/Providers.

103.    The Defendants failed to intervene to prevent the unlawful conduct described Herein.

104. As a result of the foregoing Plaintiff THOMAS E. MILES is entitled to full and fair, generally compensatory damages in an amount sufficient to compensate him for his injuries, pain and suffering and the life changing, permanent injuries, pain and suffering he sustained and continues to sustain and is further entitled to substantial punitive damages against the Defendants, individually, and severally to punish the Defendants for their callous, reckless, and reprehensible action and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct plus where applicable, reasonable attorney's fees, costs, and disbursements of this action.

### THIRD CAUSE OF ACTION
### (Supervisory Liability; 42 U.S.C. § 1983)

105. Plaintiff repeats and re-alleges paragraphs 1 through 104 with same force and effect as if fully set forth herein.

106. The supervisory Defendants personally caused Plaintiff THOMAS E. MILES' Constitutional injuries by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

107. As a result of the foregoing Plaintiff THOMAS E. MILES is entitled to full and fair, generally compensatory damages in an amount sufficient to compensate him for his injuries, pain and suffering and the life changing, permanent injuries, pain and suffering he sustained and continues to sustain and is further entitled to substantial punitive damages against the Defendants, individually, and severally to punish the Defendants for their callous, reckless, and reprehensible action and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct plus where applicable, reasonable attorney's fees, costs, and disbursements of this action.

### FOURTH CAUSE OF ACTION
### (Municipal Liability; 42 U.S.C. § 1983)

108. Plaintiff repeats and re-alleges paragraphs 1 through 107 with same force and effect as if fully set forth herein.

109. Defendants collectively and individually while acting under the color of State Law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective Municipality/Authority which is forbidden by the Constitution of the United States.

110. Defendant CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of Plaintiff's rights as stated herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its Officers and Medical Care Practitioners/Providers including the individual Defendants, Defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to the acts and conduct complained of herein.

111. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, and the New York City Police Department, and the New York City Correction Department, and the New York City Health and Hospital Corporation, and the New York City Department of Health and Mental Hygiene were the direct and proximate cause of the Constitutional Violations suffered by Plaintiff THOMAS E. MILES as alleged herein. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, and the New York City Police Department, and the New York City Correction Department, and the New York City Health and Hospital Corporation, and the New York City Department of health and Mental Hygiene were the moving force behind the Constitutional Violations suffered by Plaintiff THOMAS E. MILES as alleged herein.

112. Defendants, collectively and individually while acting under color of State Law were directly and actively involved in violating Plaintiff THOMAS E. MILES' Constitutional Rights as stated, enumerated, described in the foregoing causes of action and in paragraphs 1 through 111.

113. As a result of the foregoing Plaintiff THOMAS E. MILES is entitled to full and fair, generally compensatory damages in an amount sufficient to compensate him for his injuries, pain and suffering and the life changing, permanent injuries, pain and suffering he sustained and continues to sustain and is further entitled to substantial punitive damages against the Defendants, individually, and severally to punish the Defendants for their callous, reckless, and reprehensible action and also to discourage others like them from continuing to pursue such wanton unconstitutional conduct plus where applicable, reasonable attorney's fees, costs, and disbursements of this action.

**WHEREFORE**, Plaintiff THOMAS E. MILES demands judgement and prays for the following relief, jointly and severally against the Defendants for

A. Full and fair, generally compensatory damages in an amount to be determined by a jury sufficient to compensate him for his injuries, pain and suffering and the life changing, permanent injuries, pain and suffering he sustained and continues to sustain and

B. Substantial punitive damages in an amount to be determined by a jury against the Defendants, individually, and severally to punish the Defendants for their callous, reckless,

WHEREFORE: Plaintiff, THOMAS E. MILES, demands judgement and prays for relief, jointly and severally, against the Defendants for:

A. As to the First Cause of Action,

   i. Full and fair, generally compensatory damages in an amount not less than One Million Five Hundred Thousand Dollars ($1,500.000.00) to compensate him for his injuries, pain and suffering he sustained and for the life-changing, permanent injuries, pain and suffering, and loss of opportunity to earn wages he continues to sustain in perpetuity, and

   ii. Punitive damages in an amount not less than Three Million Dollars ($3,000,000.00) against the Defendants for their callous, reckless, and reprehensible actions and also to discourage others like them from continuing to pursue such wanton conduct, and

   iii. Reasonable attorny's fees, costs, and disbursements of this action, and

   iv. Such other and further relief as appears just and propper

B. As to the Second Cause of Action,

   i. Full and fair, generally compensatory damages in an amount not less than One Million Five Hundred Thousand Dollars ($1,500.000.00) to compensate him for his injuries, pain and suffering he sustained and for the life-changing, permanent injuries, pain and suffering, and loss of opportunity to earn wages he continues to sustain in perpetuity, and

   ii. Punitive damages in an amount not less than Three Million Dollars ($3,000,000.00) against the Defendants for their callous, reckless, and reprehensible actions and also to discourage others like them from continuing to pursue such wanton conduct, and

   iii. Reasonable attorny's fees, costs, and disbursements of this action, and

   iv. Such other and further relief as appears just and propper to this Honorable Court.

D.  As to the Third Cause of Action,

  i. Full and fair, generally compensatory damages in an amount not less than One Million Five Hundred Thousand Dollars ($1,500.000.00) to compensate him for his injuries, pain and suffering he sustained and for the life-changing, permanent injuries, pain and suffering, and loss of opportunity to earn wages he continues to sustain in perpetuity, and

  ii. Punitive damages in an amount not less than Three Million Dollars ($3,000,000.00) against the Defendants for their callous, reckless, and reprehensible actions and also to discourage others like them from continuing to pursue such wanton conduct, and

  iii. Reasonable attorny's fees, costs, and disbursements of this action, and

  iv. Such other and further relief as appears just and propper to this Honorable Court.

E.  As to the Fourth Cause of Action

  i. Full and fair, generally compensatory damages in an amount not less than One Million Five Hundred Thousand Dollars ($1,500.000.00) to compensate him for his injuries, pain and suffering he sustained and for the life-changing, permanent injuries, pain and suffering, and loss of opportunity to earn wages he continues to sustain in perpetuity, and

  ii. Punitive damages in an amount not less than Three Million Dollars ($3,000,000.00) against the Defendants for their callous, reckless, and reprehensible actions and also to discourage others like them from continuing to pursue such wanton conduct, and

  iii. Reasonable attorny's fees, costs, and disbursements of this action, and

  iv. Such other and further relief as appears just and propper to this Honorable Court.

## VERIFICATION and AFFIRMATION

I, THOMAS E. MILES, currently incarcerated under the Book and Case Number: 349-15-11870, in the RNDC Correctional Facility, 6N-L 11-11 Hazen Street East Elmhurst, NY 11370 declare under penalty of perjury that the foregoing is tru and correct.

Signed this 13th day of February, 2016
East Elmhurst, NY

Sinature of Plaintiff

*Thomas E. Miles*
Thomas E. Miles, Plaintiff, Pro-Se

Address:

RNDC (C-74)
6N-L
11-11 Hazen Street
East Elmhurst, NY 11370

